IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KRISTOPHER BENJAMIN, )<br>        Petitioner, )<br>)<br>      v. )<br>)<br>ATTORNEY GENERAL OF PA. )<br>        Respondent. ) | Civil Action No. 06-572<br>District Judge Thomas M. Hardiman<br>Magistrate Judge Amy Reynolds Hay |

REPORT AND RECOMMENDATION

I.    RECOMMENDATION

It is respectfully recommended that the instant Petition for Writ of Habeas Corpus be dismissed without prejudice and that a certificate of appealability be denied.

II.    REPORT

Petitioner, Kristopher Benjamin, brings this habeas corpus petition pursuant to 28 U.S.C. § 2254, complaining about the revocation of his probation and resulting sentence. In this regard, on May 2, 2003, in the Court of Common Pleas of Allegheny County at Criminal Complaint Nos. 200014343, 200118256 and 200214818, Petitioner entered a plea of guilty before the Honorable Kevin G. Sasinoski to several charges of simple assault and was sentenced to an aggregate term of from 11½ to 23 months incarceration followed by a consecutive period of 3 years probation.

On January 25, 2005, Petitioner pleaded guilty to new criminal charges at Criminal Complaint 200317835 before the Honorable Jeffrey Manning for criminal trespass and simple assault and was sentenced to 9 to 18 months effective Nov. 12, 2003. On April 18, 2005, a parole/probation violation hearing was held before Judge Sasinoski where it was determined Petitioner had violated the terms of his probation due to his new criminal convictions. Judge Sasinoski revoked Petitioner's probation at CC Nos. 200014343, 200118256 and 200214818 and

imposed a new aggregate sentence of from 18 to 74 months and 20 days incarceration. No appeal was filed.

On November 29, 2005, Petitioner apparently filed a Motion For Modification/Reduction of Sentence. On January 5, 2006, petitioner inquired by letter to the Clerk of Courts regarding the Motion for Modification. On March 2, 2006, Petitioner filed a Petition for Writ of Habeas Corpus in the Supreme Court of Pennsylvania. On May 1, 2006, Petitioner filed his Petition for Writ of Habeas Corpus in this Court.

On August 28, 2006, the attorney for the Commonwealth spoke with the law clerk for the trial court and learned that the trial court had not been served a copy of Petitioner's Motion. Subsequently, the attorney for the Commonwealth filed a Notice of First Post Conviction Relief Act Petition And Motion For Appointment Of Counsel with the trial court. By order of court dated September 7, 2006, the motion was granted and counsel was appointed to represent Petitioner in state Post Conviction proceedings.[1]

A. Exhaustion Requirement

The provisions of the federal habeas corpus statute at 28 U.S.C. § 2254(b) require a state prisoner to exhaust available state court remedies before seeking federal relief. This exhaustion requirement serves to protect the interest of comity, which ensures that the state courts have the first opportunity to address and correct violations of state prisoners' federal rights. Rose v. Lundy, 455 U.S. 509, 518 (1982); Preiser v. Rodriguez, 411 U.S. 475, 491 (1973). Accordingly, before a federal court addresses the merits of a state prisoner's claims, constitutional and federal law issues first must have been fairly presented to the state courts through direct appeal,

---

[1] See Commw. Ex. 12, doc. no. 22.

collateral review, state habeas proceedings, mandamus proceedings, or other available procedures for judicial review.  *See, e.g.*, Castille v. Peoples, 489 U.S. 346, 351 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996); Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996).  In addition, the exhaustion requirement requires a petitioner to present his claims to all levels of the state courts.  Thus, a petitioner must have presented every claim raised in the federal petition to the state's trial court, intermediate appellate court and highest court before exhaustion will be considered satisfied.  O'Sullivan v. Boerckel, 526 U.S. 838 (1999).  The petitioner has the burden of establishing that exhaustion has been met. Ross v. Petsock, 868 F.2d 639, 643 (3d Cir. 1989); O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987).

    Exhaustion is not a jurisdictional limitation, however, and federal courts may entertain the merits of a habeas petition when no appropriate state remedy exists for unexhausted claims (unless claims are barred under the procedural default doctrine).  Doctor, 96 F.3d at 681; Carter v. Vaughn, 62 F.3d 591, 594 (3d Cir. 1995).  However, a Petitioner shall not be deemed to have exhausted state remedies if he has the right to raise his claims by any available state procedure. 28 U.S.C. § 2254(c).

    In the case at bar, Petitioner complains that he received ineffective assistance of counsel, his plea agreement was not honored, he was denied an appeal, and he was not allowed to withdraw his plea.  All of these issues may be presented to the Pennsylvania state courts through a petition for relief filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat.§ 9541, *et seq.* wherein he may seek reinstatement of his appellate rights *nunc pro tunc*.  *See, e.g.*, Commonwealth v. Autrey, 812 A.2d 714 (Pa. Super. 2002).

Before exhaustion of state remedies will be excused by a federal habeas court, state law clearly must foreclose state court review of unexhausted claims. Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993). The exhaustion requirement requires this Court to give state courts the first opportunity to "consider allegations of legal error without interference from the federal judiciary." Doctor, 96 F.3d at 683 (quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986). The United States Court of Appeals for the Third Circuit repeatedly has required Pennsylvania prisoners to attempt to exhaust their state remedies before allowing federal habeas court review. In Banks v. Horn, 126 F.3d 206, 213, (3d Cir. 1997), the court stated that, even in questionable cases, it is better that the state courts make the determination of whether the state will address the merits of a petitioner's claim. Also, in Lambert v. Blackwell, 134 F.3d 506 (3rd Cir. 1997), *as amended* (Jan. 16, 1998), *rehearing and suggestion for rehearing in banc denied*, (Jan. 26, 1998), the Court of Appeals held that the district court lacked authority to consider the merits of the petitioner's unexhausted claims. In so holding, the court concluded that collateral review of the petitioner's unexhausted claims was not so clearly foreclosed under Pennsylvania's Post Conviction Relief Act such that further state proceedings could be deemed futile. *Id.*, 134 F.3d at 516. *See also* Christy v. Horn, 115 F.3d 201 (3d Cir. 1997) (habeas petition of capital prisoner should have been dismissed for lack of exhaustion as no exceptional circumstances excused nonexhaustion); Doctor, 96 F.3d 675 (petitioner did not exhaust state remedies because "miscarriage of justice" exception to waiver rule may permit unexhausted claims to be considered under PCRA).

> Because it would be unseemly in our dual system of government
> for a federal district court to upset a state court conviction without
> an opportunity for the state courts to correct a constitutional

> violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose, 455 U.S. at 518. Accordingly, this Court must stay its hand and dismiss the petition without prejudice to refiling after Petitioner has exhausted his potential state court remedies, which he currently is pursing in his PCRA Petition.

### B. Certificate of Appealability

The Antiterrorism Act included several major reforms to the federal habeas corpus laws. Section 102 of the Antiterrorism Act (28 U.S.C. § 2253(c) (as amended)) codified the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."

In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether dismissal of the petition for failure to comply with the exhaustion requirement was correct. Accordingly, a certificate of appealability should be denied.

III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed without prejudice and that a certificate of appealability be denied.

IT IS FURTHER ORDERED that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Local Rule 72.1.3 B.  Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

                Respectfully submitted,

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated:    19 September, 2006

cc:    The Honorable Thomas M. Hardiman
       United States District Judge

       Kristopher Benjamin, #80214
       Allegheny County Jail
       950 Second Avenue
       Pittsburgh, PA 15219

       Rebecca D. Spangler, Esquire
       Office of the District Attorney
       401 Allegheny County Courthouse
       Pittsburgh, PA 15219